L. W. HOOVER AND P. S. HUTCHINSON AGT. S. N. WOOD, ASSIGNEE OF J. D. ALLEN.

*Pleading: Practice: Compounding Felony.*

In a case where a party charged another with embezzling his private funds, and threatened him with prosecution, and a note was given to the complaining party for the amount alleged to have been embezzled, it is no defense to answer that, "at the time the note was executed, he promised and agreed to and with the maker thereof, to compound and adjust the matter between them, to-wit: the matter of which said charge of embezzlement was made against the said maker." There must be a positive and distinct averment that the receiver agreed and stipulated that he would conceal the felony, abstain from prosecution and withhold evidence in relation thereto.

APPEAL from the District Court of the Second Judicial District in and for Douglas County.

*By the Court*—ELMORE, J.

This action was brought in the district court of the second judicial district, on a note for the sum of two hundred dollars, dated March 27th, 1857, payable on demand, for value received, to J. D. Allen or order. On the 30th of March, A. D. 1858, L. W. Hoover filed the following answer:

"The above named defendant, for himself alone,

for answer and defense to the declaration of the said plaintiff, admits the execution of the said note in said declaration mentioned, but avers that the consideration for said note was illegal; for that the said J. D. Allen, prior to the making and delivery of said note, preferred and made against the said defendant the charge and accusation of embezzlement, to-wit: The felonious appropriation to his own use of goods and chattels of the said J. D. Allen, by the said defendant, of the value of two hundred dollars. That the said J. D. Allen, prior to the time that the said note was executed, promised and agreed, to and with the said defendant, to compound and adjust the matter between them, to-wit: The matters of which the said charge and accusation of embezzlement was made against the said defendant.

"That upon this agreement of the said J. D. Allen with the said defendant, and in consideration therefor, the defendant executed the said note, and this the defendant is ready to verify."

To this answer the defendant in error demurred, and the court below sustained the demurrer, and rendered judgment in his favor for three hundred dollars damages, to be discharged on the payment of two hundred and twenty and twenty-five one-hundredths dollars, with interest thereon at the rate of ten per cent. per annum. The error complained of is in the ruling of the court in sustaining the demurrer.

By the demurrer, the defendant in error admits the truth of the answer, but says that, in law, it is not sufficient to prevent a recovery.

L. W. Hoover and P. S. Hutchinson agt. S. N. Wood, Assignee, etc.

There is no allegation in the answer that Allen, the payee of the note, had knowledge of the actual commission, by Hoover, of a felony, under the laws of the territory; nor is there an allegation "that the note was delivered by Hoover to Allen on the promise, agreement or understanding, express or implied, that Allen was to conceal such felony, or to abstain from a prosecution or withhold any evidence in relation thereto." It is true that the answer sets forth that, prior to the execution of the note, Allen "agreed and promised, to and with the defendant, Hoover, to compound and adjust the matter between them." What matters? The payment, by Hoover, to Allen, for the property used or taken by Hoover, not a promise on Allen's part not to do any thing which the law made it incumbent on him to perform; but simply to pay Allen the money demand which he (Allen) claimed against Hoover. Compounding has a technical meaning in criminal law and in criminal practice; but, we apprehend, the same technical signification does not obtain in civil cases.

It has been held, and we suppose it to be the law, that a party can receive compensation for a felony, and that, by so doing, does not necessarily result in compounding. Wharton's Criminal Law, page 833, chapter 5.

For these reasons, we think the demurrer was properly sustained; but the court below erred in giving judgment for three hundred dollars, to be satisfied on the payment of two hundred and twenty and twenty-five one-hundredths dollars, and interest at the rate

6

of ten per cent. per annum. A proper judgment would have been for the sum of two hundred dollars, and the further sum of —— dollars damages, and costs of suit.

ORDER.—We, therefore, render such judgment in this court as, in our opinion, should have been rendered below, to-wit: That the said Samuel N. Wood recover, of the said L. W. Hoover and J. D. Hutchinson, the sum of two hundred dollars, and the further sum of twenty and fifty-five one-hundredths dollars damages, and their costs in this behalf expended in the court below, said judgment to bear date on the eighth day of April, A. D. 1858, and the further sum of one-half the costs of this court; and that the said Hoover and Hutchinson recover, of the said Samuel N. Wood, one-half of the costs which have accrued in this case, in this court.